In Phillips Colleges of Alabama, Inc. v. Lester,622 So.2d 308 (Ala. 1993), this Court held that the trial court had not erred in refusing to include the words "substantial evidence" in its oral charge to the jury. We explained that throughout its oral charge the trial court had properly instructed the jurors that the plaintiff bore the burden of reasonably satisfying them from the evidence that the school had made a promise that it intended not to keep and, therefore, that the trial court had given the jurors all the guidance they needed. This Court in Phillips Colleges had no reason to reach the issue presented in this case — whether it is per se reversible error to include the words "substantial evidence" in a jury charge on the plaintiff's burden of proof. Therefore, I do not believe the opinion of the Court of Civil Appeals in this case conflicts with Phillips Colleges.
After examining the entire jury charge, I am satisfied that even though the trial court's references to "substantial evidence" in connection with the negligence claims were erroneous, those references, when considered in the context of the entire charge, do not rise to the level of reversible error. The trial court clearly charged the jurors that before they could return a verdict for the plaintiff they had to be reasonably satisfied from the evidence that the plaintiff was entitled to prevail. Although the trial court went further in several instances and told the jurors that they had to be reasonably satisfied by "substantial evidence," the trial court defined "substantial evidence":
 "As to the allegation of negligence, the burden is on the plaintiff to prove each and every element of one or more of his claims by substantial evidence. Substantial evidence, members of the jury, is defined as *Page 154 
evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, can reasonably infer the existence of the fact sought to be proved."
In my view, this merely conveyed to the jurors the obvious — that the plaintiff had to present evidence from which they could reasonably find in his favor and that before they could so find they had to be reasonably satisfied that the plaintiff was entitled to prevail.
Although I agree with the majority that the jury did not need to be told that the plaintiff had to prove his case by "substantial evidence," I nonetheless do not share the majority's concerns that the jurors could reasonably have been confused or misled by having that information. I am not willing to go outside the trial court's charge — to Webster's ThirdNew International Dictionary, for example — to find a basis for concluding that the jurors could have been confused or misled. So far as I know, the jurors did not have a dictionary with them during their deliberations, and I am not willing to assume that the jurors did not understand and follow the law as it was explained to them by the trial court.[4]
As to the wantonness claims, I agree with the majority that the trial court erred in instructing the jury on the "clear and convincing evidence" standard. The plaintiff was entitled to seek both compensatory and punitive damages under his wantonness claims. Damage is an essential element of a plaintiffs cause of action. If a plaintiff is able to present substantial evidence in support of his claim of, say, wantonness, he has an absolute right to have the jury consider his claim for compensatory damages, and the jury should be instructed that it can award compensatory damages if it is reasonably satisfied from the evidence that the plaintiff is entitled to recover. Likewise, if that plaintiff can present in support of his claim evidence that the jury could find "clear and convincing," as that term is defined in Ala. Code 1975, § 6-11-20(b)(4), then his claim for punitive damages should be submitted to the jury, and the jury should be instructed on the higher "clear and convincing evidence" standard. See my dissent in Ex parte Norwood Hodges Motor Co., 680 So.2d 245 (Ala. 1996). The trial in the present case was bifurcated, and the only issues before the jury at the time of the trial court's charge concerned liability, not damages. Damages, both compensatory and punitive, were to be considered in the second phase of the trial, if a second phase was needed. The trial court's charge could, therefore, have had the effect of cutting off the plaintiff's claim for compensatory damages under his wantonness count by improperly increasing his burden of proof. I note, however, that the jury found for the defendant on the plaintiff's negligence claims. As I understand it, the same action or inaction that was relied on by the plaintiff to support his wantonness claims was also relied on to support his negligence claims. Therefore, because the jury was not charged on contributory negligence or on any other affirmative defense to the negligence claims, I would hold that the error associated with the trial court's charge on wantonness was harmless and therefore would not require a reversal. See my opinion concurring *Page 155 
in part, dissenting in part, and concurring in the result in part in Lynn Strickland Sales Service, Inc. v. Aero-LaneFabricators, Inc., 510 So.2d 142 (Ala. 1987).
For the foregoing reasons, I would quash the writ as improvidently granted. Therefore, I respectfully dissent.
HOOPER, C.J., and MADDOX and SEE, JJ., concur.
[4] The majority states that the "substantial evidence" standard requires evidence that is "real, material, not seeming or imaginary," as opposed to evidence that is "considerable in amount, value, or worth." The majority then goes on to state:
 "This possibility of confusion is exacerbated by the fact that the jurors will probably not know about the shift in Alabama law from the scintilla rule to the substantial evidence rule. When 'substantial' is considered in relation to 'scintilla,' the term requires only that the evidence be material, of some substance. A circuit judge ruling on a summary judgment motion or a motion for a judgment as a matter of law will know this distinction and will look for substantial evidence with the correct threshold in mind. A jury, not knowing that 'substantial' should be contrasted with 'scintilla,' may well think that the requirement of 'substantial evidence' requires the plaintiff to prevail by some margin of evidence greater than the mere preponderance of the evidence, which is the true burden of proof."
699 So.2d at 152.
All of this suggests to me that the majority either believes that the "substantial evidence" standard is the same as the old "scintilla of evidence" standard (something I am not certain the Legislature actually intended), or believes that the "scintilla of evidence" standard allowed claims to be submitted to the jury based on unreal, immaterial, or imaginary evidence (something which I hope was not the case).